UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIM EMBRY, and ENVIRONMENTAL HEALTH ADVOCATES, INC. acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>Defendant. | Case No.: 24-cv-1779-AJB-MMP<br><br>**ORDER TRANSFERRING NON-PARTY CRAIG NICHOLAS' MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA**<br><br>[ECF No. 1] |

Currently pending before the Court is non-party Craig Nicholas, Esq.'s ("Nicholas") Consent to and Request to Transfer Motion for Protective Order And/or To Quash Subpoena to E.D. Cal. Under Rule 45(f). [ECF No. 1.] This Court previously granted a similar request on behalf of Mr. Jake Schulte to transfer a motion under Federal Rule of Civil Procedure ("Rule") 45(f) to be adjudicated by the Eastern District of California based on Mr. Schulte's consent. [S.D. Cal No. 24-cv-1778-AJB-MMP, ECF No. 2-1.]

Here, a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") directed to Nicholas was issued by the United States District Court for the Eastern District of California, in connection with *B&G Foods North America, Inc. v. Kim Embry/EHA*, No. 20-cv-00526-KJM-DB. [ECF No. 1-2 at 5–15.] This is Plaintiff B&G Foods North America's ("B&G") second Subpoena served on Nicholas in the underlying matter. This Court previously transferred to the Eastern District Mr. Nicholas' Motion for Protective Order and/to Quash the first subpoena under Rule 45(f). [S.D. Cal. No. 23-cv-02362-AJB-DDL, ECF No. 8-1.] The Eastern District subsequently quashed the first subpoena without prejudice to re-serving. [ECF No. 1-2 at 20–25.] B&G then served this second Subpoena to testify dated September 25, 2024 on Nicholas. [ECF No. 1-2 at 5–15.]

In the instant motion, Nicholas states he "consents to and requests, pursuant to Rule 45(f), that his entire motion be transferred to the issuing court in the underlying Action" because the underlying Court "is already familiar with the issues presented in this case and is better suited to resolve this motion" and to "avoid inconsistent adjudications." [ECF No. 1 at 2, 3.] The accompanying declaration from his counsel attests Nicholas "consents to this motion being transferred to the Eastern District of California" and B&G also consents to the transfer with attached correspondence reflecting the agreement. [ECF No. 1-2 ¶¶ 3 – 4, Exh. D.]

Rule 45(f) provides "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Magistrate Judges have the authority to rule on the merits of a subpoena related motion or transfer the case to the issuing court. 28 U.S.C. 636(b)(1)(A); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14-cv-0708, 2014 WL 4079555, at *1–2 (D. Nev. Aug. 15, 2014). Here, both Nicholas, the person subject to the subpoena, and B&G, the subpoenaing party, consent to the transfer of resolution of a motion challenging the pending subpoena to the Eastern District of California, the issuing court. [ECF No. 1-2 at 27–28.] Thus, the Court finds transfer is appropriate under Rule 45(f) based on consent. *See In re*

*Google LLC*, No. 24-MC-80009, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) ("Under Rule 45(f), Google's consent alone is sufficient for the Court to order transfer.") (citing *Mirza v. Yelp, Inc.*, No. 21-mc-80077, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer.").[1]

Based on the foregoing, the Court directs the Clerk of the Court to transfer this matter to the Eastern District of California for decision by the issuing court in the matter of *B&G Foods North America, Inc. v. Kim Embry/EHA*, No. 20-cv-00526- KJM-DB and terminate this case.

**IT IS SO ORDERED**.

Dated:  October 30, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge

---

[1] The Court notes although Nicholas did not file "a fully briefed motion herewith because the Eastern District requires a Joint Statement," ECF No. 1 at 2, Nicholas and B&G clearly contemplate and agree to have a "motion under this rule," whether it be a protective order or a motion to quash the subpoena, adjudicated by the Eastern District with Nicholas' consent. *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents[.]"). Further, this Court's Chambers Rule requires either a pre-motion conference or leave of court prior to filing a discovery motion. *See* Chambers Rule IX(B). Thus, the Court finds transfer of the motion under Rule 45(f) to the Eastern District of California appropriate. *See, e.g.*, *Clorox Co. v. Odyssey Mfg. Co.*, No. 24-mc-80096, 2024 WL 2806466, at *1 (N.D. Cal. May 31, 2024) (granting the parties' request to transfer a discovery dispute regarding a subpoena to the issuing court under Rule 45(f) and ordering the parties to file their joint discovery letter in the underlying case to accomplish the transfer).